```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION
```

| | |
|---|---|
| TGI FRIDAY'S INC., § | |
| § | |
| Plaintiff- § | |
| counterdefendant, § | |
| § | Civil Action No. 3:09-CV-0083-D |
| VS. § | |
| § | |
| GREAT NORTHWEST RESTAURANTS, § | |
| INC., et al., § | |
| § | |
| Defendants- § | |
| counterplaintiffs. § | |

MEMORANDUM OPINION
AND ORDER

In this action against former franchisees of TGI Friday's Inc. ("TGIF") and their principals, plaintiff-counterdefendant TGIF moves for summary judgment against the remaining defendants-counterplaintiffs, Mike Alizadeh ("Mike") and Abe Alizadeh ("Abe"). For the reasons that follow, the court grants the motion and enters final judgment in favor of TGIF.[1]

I

The court has addressed this lawsuit in several prior opinions, including two that were selected for publication.[2] The

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] *TGI Friday's Inc. v. Great Nw. Rests., Inc.*, 652 F.Supp.2d 763 (N.D. Tex. 2009), and *TGI Friday's Inc. v. Great Nw. Rests.,*

court need not repeat the background facts and procedural history in detail. In sum, the suit arises from failed franchise relationships among TGIF and several parties, including former TGIF franchisees against whom the court entered judgment on January 13, 2010. Mike entered into 11 franchise agreements with TGIF to operate TGI Friday's restaurants in three states. He also executed personal guaranties for each franchisee's performance. Later, TGIF, Mike, and Abe entered into five Assignment, Assumption, General Release and Consent Agreements under which Mike assigned his personal interest in five of the original 11 franchise agreements to Abe. Abe assumed the franchise agreements and personally guarantied the franchisees' obligations under the agreements. Mike continued to be obligated on those franchises. TGIF alleges that Mike and Abe are liable for failing to comply with their contractual obligations, specifically, for failing to pay royalties and advertising fees (i.e., advertising, sales promotion, and public relations) that the franchisees failed to pay and that Mike and Abe owe under the franchise agreements and/or guaranties.

TGIF moves for summary judgment in its favor on its claims against Mike and Abe and on the counterclaims and affirmative defenses of Mike and Abe. TGIF filed its motion for summary judgment on March 1, 2010. Mike and Abe have not responded to the

---

*Inc.*, 652 F.Supp.2d 750 (N.D. Tex. 2009) (Fitzwater, C.J.).

motion.

## II

### A

TGIF's summary judgment burden depends on the ground on which it relies. To be entitled to summary judgment on a claim on which it will have the burden of proof at trial, TGIF "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that TGIF must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

Concerning a counterclaim or affirmative defense as to which TGIF will not have the burden of proof at trial, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the counterclaim or affirmative defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, Mike and Abe must go beyond their pleadings and designate

specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in favor of Mike and Abe.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The failure of Mike and Abe to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory if Mike and Abe fail to meet this burden.  *See Little*, 37 F.3d at 1076.

The failure of Mike and Abe to respond to TGIF's motion does not, of course, permit the court to enter a "default" summary judgment.  The court is permitted, however, to accept TGIF's evidence as undisputed.  *See, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, the failure of Mike and Abe to respond to TGIF's motion means that they have not designated specific facts showing that there is a genuine issue of fact for trial.  "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence."  *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

B

TGIF has established beyond peradventure that Mike has breached the franchise agreements and guaranties and that Abe has breached the franchise agreements that he personally assumed. It has introduced unrefuted evidence that Mike owes the sum of $5,016,271.81 under the franchise agreements and guaranties and that Abe owes the sum of $2,080,299.83 under the franchise agreements that relate to him. TGIF has also demonstrated that it is entitled to recover reasonable and necessary attorney's fees in the amount of $330,588.00, and expenses in the amount of $9,974.97, which it is entitled to recover from all defendants, including Mike and Abe, jointly and severally.

C

TGIF has pointed to the absence of evidence to support the counterclaims and affirmative defenses of Mike and Abe. *See* Ps. Am. Br. 23-24 (pointing out that, even if Mike and Abe have not abandoned their counterclaims by failing to plead them anew in their amended answer, they have adduced no evidence to establish at least one essential element of each counterclaim); *id.* at 24 (pointing out that Mike and Abe have not adduced evidence to establish at least one essential element of each affirmative defense). Because Mike and Abe have not responded to TGIF's motion, they have failed to present evidence that would permit a reasonable jury to find in their favor. TGIF is entitled to

summary judgment dismissing their counterclaims and holding that their affirmative defenses lack merit.

* * *

Accordingly, TGIF's March 1, 2010 motion for summary judgment is granted, and a final judgment is entered in favor of TGIF against Mike and Abe by judgment filed today.

**SO ORDERED.**

April 13, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE